1  GRADSTEIN & MARZANO, P.C.
   HENRY GRADSTEIN (State Bar No. 89747)
2  hgradstein@gradstein.com
   MARYANN R. MARZANO (State Bar No. 96867)
3  mmarzano@gradstein.com
   HARVEY W. GELLER (State Bar No. 123107)
4  hgeller@gradstein.com
   DANIEL B. LIFSCHITZ (State Bar No. 285068)
5  dlifschitz@gradstein.com
   6310 San Vicente Blvd., Suite 510
6  Los Angeles, California 90048
   Telephone: 323-776-3100
7
   Attorneys for Plaintiff
8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12
   MELISSA FERRICK, individually and          Case No.
13 doing business as Nine Two One Music
   and Right On Records/Publishing, and
14 on behalf of all others similarly situated,   **CLASS ACTION COMPLAINT
                                                 FOR COPYRIGHT
15              Plaintiff,                        INFRINGEMENT**

16         v.

17 SPOTIFY USA INC., a Delaware                **DEMAND FOR TRIAL BY JURY**
   corporation, and DOES 1 through 10,
18
                Defendants.
19

20

21

22

23

24

25

26

27

28

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD., SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

Plaintiff Melissa Ferrick individually and doing business as Nine Two One Music and Right On Records/Publishing ("Plaintiff" or "Ferrick"), on behalf of herself and all other similarly situated owners of federal copyrights in nondramatic musical works ("musical compositions") that were reproduced and distributed without a license by Defendant Spotify USA Inc. ("Spotify" or "Defendant") and DOES 1-10 (collectively "Defendants") during the last three years, alleges as follows.

## NATURE OF THE ACTION

1.      Under the Copyright Act, there are two separate copyrights in every recorded song: one in the sound recording ("phonorecord") itself, 17 U.S.C. §102(7), and one in the musical composition embodied in that phonorecord, 17 U.S.C. §102(2).  This case is brought to vindicate the rights of the owners of the copyrights in the musical compositions embodied in phonorecords that Spotify has reproduced and distributed – without a license – as part of its extraordinarily popular interactive online subscription music streaming service (the "Service").

2.      Spotify launched the Service in the United States on or about July 14, 2011.  Since that time, the Service has grown to over 70 million subscribers, raised close to $1 billion in private equity, and obtained a valuation in excess of $8 billion. To achieve that success, Spotify promised its subscribers that it would provide them with "[a]ll the music you'll ever need…for every moment."  But Spotify knew that in order to fulfill its promise, it would either have to delay the launch of the Service (and its process for immediately ingesting and offering new music) until such time as it had obtained all necessary licenses, or it would have to employ a now familiar strategy for many digital music services – infringe now, apologize later.

3.      Spotify chose expediency over licenses.  Thus, while Spotify has profited handsomely from the music that its sells to its subscribers, the owners of that music (in particular, songwriters and their music publishers) have not been able to share in that success because Spotify is using their music for free.

4.      The path that Spotify should have chosen is set forth in the Copyright Act.  A service like Spotify that is interested in reproducing and distributing musical compositions in phonorecords has two choices: it can negotiate direct licenses with the copyright owners of those musical compositions or it can pursue compulsory licenses under 17 U.S.C. §115.  Either a direct license or a compulsory license would have permitted Spotify to make and distribute phonorecords embodying the musical compositions as part of the Service, including by means of digital phonorecord deliveries ("DPDs"), interactive streaming, and limited downloads.

5.      While a license under 17 U.S.C. §115 is compulsory, it is not automatic.  To obtain such a license, it was Spotify's obligation to send a notice to each copyright owner "before or within thirty days after making, and before distributing any phonorecords of the work" of its "intention" use the work.  17 U.S.C. §115(b)(1).  This notice of intent (or, as it is commonly referred to, an "NOI") is not merely a ministerial formality; it is a critical first step in the compulsory licensing process that alerts the copyright owner to the use of its musical composition and, in turn, the right to be compensated for that use.  Because of its significance, the failure to timely serve or file an NOI "forecloses the possibility of a compulsory license and, in the absence of a negotiated license, renders the making and distribution of phonorecords actionable as acts of infringement."  17 U.S.C. §115(b)(2).  Even after sending an NOI, Spotify was then required to timely account to the copyright owner and pay royalties accordingly.  17 U.S.C. §115(c).

6.      For the musical compositions that are at issue in this litigation, Spotify did not negotiate direct licenses and did not avail itself of the compulsory licensing procedures in the Copyright Act.  Instead, Spotify chose a third path: it outsourced its licensing and accounting obligations to the Harry Fox Agency ("HFA"), a music publishing rights organization that was ill-equipped to obtain licenses for all of the songs embodied in the phonorecords distributed by Spotify.  As a result, neither

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

Spotify nor HFA directly licensed or timely issued NOIs for many of the musical compositions embodied in phonorecords that Spotify was reproducing and distributing on a daily basis as part of the Service.

7.     The known failure by Spotify to obtain licenses for all of the musical compositions that it is exploiting caused it to recently announce that it "will invest in the resources and technical expertise to build a comprehensive publishing administration system to solve this problem." *See* Ed Christman, "Spotify Announces Database To Properly Manage Royalties," *Billboard* (Dec. 23, 2015), *available at* http://www.billboard.com/articles/business/6820925/spotify-publishing-database-royalties.  That is an investment and process that Spotify should have undertaken **before** it decided to reproduce and distribute phonorecords embodying unlicensed musical compositions to the Service's millions of users, not over four years after Spotify launched the Service in the United States.  At this point, Spotify's failure to properly obtain licenses is much more than what it euphemistically describes as an "administration system" problem; it is systemic and willful copyright infringement for which actual and statutory damages are the remedy. Therefore, Plaintiff brings this class action for copyright infringement on behalf of herself and all similarly situated owners of musical compositions that were reproduced and distributed by Defendants without a license during the last three years.

## THE PARTIES

8.     Plaintiff Melissa Ferrick, a resident of Newburyport, Massachusetts, is a nationally recognized singer-songwriter who has released seventeen albums over the past two decades, with a catalog of over one hundred and fifty copyrighted musical compositions.  Ferrick is an eight-time Boston Music Award winner and is regarded as one of the most prolific songwriters of her generation.  She tours regularly throughout North America and has shared the stage with Morrissey, Marc Cohn, Paul Westerberg, Dwight Yoakam, John Hiatt, Weezer, Tegan and Sara, Bob

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

3

Dylan, Ani DiFranco, k.d. Lang, Suzanne Vega, Joan Armatrading, and many others. Ferrick signed in the early 1990s with Atlantic Records, and in 1993 released her debut album, "Massive Blur," which was then followed by "Willing to Wait" in 1995. Critical acclaim for Ferrick's music has continued to this day. Ferrick's 2011 album "Still Right Here" debuted on Billboard's Heat-Seekers Album Chart, won an 8th annual International Acoustic Music Award, and garnered two Independent Music Award nominations. Her 2013 album, "The Truth Is," won the 2014 Independent Music Award for Alt-Country Album of the Year and her 2015 self-titled album was referred to by the Boston Globe as "one of the year's most singular albums." Ferrick has been a part time Associate Professor in the Songwriting Department at Berklee College of Music since 2013, and the Artistic Director for Berklee's Five Week Summer Program since 2009. Her songs have been streamed approximately one million times by Spotify without a license.

9.      Spotify is a Delaware corporation with its principal place of business in New York, New York. Spotify owns and operates the Service – an online interactive music streaming service, which can be principally accessed at www.spotify.com. The Service consists of both an advertisement-supported service that is free to subscribers and a premium service that costs $9.99 per month and is advertisement-free. Spotify is qualified to do business in State of California, and is doing business in California with offices in Los Angeles and San Francisco. Spotify operates the Service in California, has millions of subscribers and end users in California, has entered into contracts and other transactions in California (including with record labels, publishers and developers), and generates millions of dollars in revenue from California residents.

10.      The true names and capacities (whether individual, corporate, associate or otherwise) of the defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

1   such have been ascertained.  Upon information and belief, each of the Doe

2   defendants herein is responsible in some manner for the occurrences herein alleged,

3   and Plaintiff's and class members' injuries as herein alleged were proximately

4   caused by such defendants' acts or omissions.

5       11.     Plaintiff is informed and believes, and on that basis alleges, that at all

6   times mentioned in this Complaint, Spotify and each of the Doe defendants were the

7   agent of each other and, in doing the things alleged in this Complaint, were acting

8   within the course and scope of such agency.

9                        **JURISDICTION AND VENUE**

10      12.     This is a civil action seeking damages and injunctive relief for

11  copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*

12      13.     This Court has original subject matter jurisdiction of this action

13  pursuant to 28 U.S.C. §§1331 and 1338(a).

14      14.     This Court has personal jurisdiction over Defendants because, among

15  other things, they do continuous and systematic business in California and in this

16  District and maintain one or more offices and employ personnel in California.

17  Defendants have also committed acts of copyright infringement in California and

18  have performed acts directed at and causing harm in California.

19      15.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c)

20  and 1400(a) because Spotify is subject to personal jurisdiction in this District and

21  because a substantial part of the events or omissions by Spotify giving rise to the

22  claims occurred in this District.

23                           **CLASS ALLEGATIONS**

24      16.     Plaintiff brings this action as a class action pursuant to Fed. R. Civ.

25  Proc. 23 on behalf of herself and on behalf of a class of similarly situated copyright

26  owners of musical compositions defined as:

27          All persons or entities who own the copyright in a musical

28          composition: (a) for which a certificate of registration has been

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

5

1   issued or applied for; and (b) that was reproduced and distributed
2   through interactive streaming and/or limited downloads by
3   Defendants without a license during the last three years.

4   17.    This action has been brought and may be properly maintained as a class
5   action because there is a well-defined community of interest in the litigation and the
6   members of the proposed class are readily and easily ascertainable and identifiable.

7   18.    The member of the class are so numerous that joinder of all members is
8   impracticable.  Plaintiff is informed and believes, and on that basis alleges, that
9   there are thousands of members in the class who can be readily located, identified
10   from various databases and records (including those maintained by Spotify, the
11   United States Copyright Office, and HFA) and through discovery, and notified of
12   this action.

13   19.    Plaintiff's claim for copyright infringement is typical of the claims of
14   the members of the class, and Plaintiff's interests are consistent with and not
15   antagonistic to those of the other members of the class she seeks to represent.
16   Plaintiff and all members of the class have sustained damages and face irreparable
17   harm arising out of Defendants' continued infringement as alleged herein and, thus,
18   are entitled to recover actual damages and/or statutory damages and obtain
19   injunctive relief to prevent further wrongful conduct by Defendants.

20   20.    Plaintiff has no interests that are adverse to, or which conflict with, the
21   interests of the absent members of the class and she is able to fairly and adequately
22   represent and protect the interests of such a class.  Plaintiff believes strongly in the
23   protection of the copyrights of songwriters and music publishers.  Plaintiff has
24   raised a viable claim for copyright infringement of the type reasonably expected to
25   be raised by members of the class, and will diligently and vigorously pursue that
26   claim.  If necessary, Plaintiff may seek leave of the Court to amend this Complaint
27   to include additional class representatives to represent the class or additional claims
28

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

as may be appropriate.  Plaintiff is represented by experienced, qualified, and competent counsel who is committed to prosecuting this action.

21.     Common questions of fact and law exist as to all members of the class that plainly predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include (without limitation) the following:

(A)     Whether Defendants' reproduced and distributed musical compositions through interactive streaming and/or limited downloads without a license during the last three years;

(B)     Whether Defendants' reproduction and distribution of musical compositions through interactive streaming and/or limited downloads without a license constitutes direct infringement in violation of the Copyright Act, 17 U.S.C. §101 *et seq.*;

(C)     Whether Defendants' acted willfully with respect to the acts complained of herein;

(D)     The basis and method for determining and computing damages, including statutory damages; and

(E)     Whether Defendants' infringing conduct is continuing, thereby entitling the members of the class to injunctive or other relief.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all class members is impracticable.  The claims of the individual members of the class may range from smaller sums to larger sums.  Thus, for those class members with smaller claims, the expense and burden of individual litigation may not justify pursuing the claims individually.  And even if every member of the class could afford to pursue individual litigation, the court system could not be so encumbered.

It would be unduly burdensome to those courts in which individual litigation of numerous cases would otherwise proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action presents few management difficulties, conserves the resources of the parties and court system, and protects the rights of each member of the class. Plaintiff anticipates no difficulty in the management of this action as a class action.

## CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

23.     Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 20 above, as though fully set forth herein.

24.     Under §106 of the Copyright Act, the copyright owner of a musical composition has the exclusive rights to reproduce and distribute the compositions in phonorecords. 17 U.S.C. §106(1) and (3).  This includes the exclusive rights to make or authorize DPDs, interactive streams, and limited downloads of the musical compositions through subscription or non-subscription online digital music services. *See* 17 U.S.C. §115(d), 37 C.F.R. §§385.10, 385.11.

25.     Spotify's online interactive music streaming service, www.spotify.com, is offered to end users in the United States on an advertising-free paid subscription basis or an advertiser-supported no-subscription basis. Spotify distributes phonorecords embodying musical compositions to its end users through interactive streaming and limited downloads available on their computers and mobile devices. Plaintiff is further informed and believes, and on that basis alleges, that Spotify also makes server copies in the United States of phonorecords embodying the musical compositions at issue in this litigation.

26.     In order to lawfully make and distribute phonorecords embodying the musical compositions as set forth above, Spotify must have first obtained not only a

8

license for each individual phonorecord from its owner(s), but also a separate license for the underlying musical composition that is embodied in each separate phonorecord from the copyright owner of such composition.  Spotify can either license musical compositions directly or by obtaining a compulsory license in accordance with the terms of 17 U.S.C. §115 by serving a timely NOI.  Failure to serve or file the requisite NOI "within thirty days after making, and before distributing any phonorecords of the work…forecloses the possibility of a compulsory license and, in the absence of a voluntary license, renders the making and distribution of phonorecords actionable as acts of copyright infringement."  17 U.S.C. §115(b)(1) and (2).

27.    Spotify did not have and does not have a comprehensive system of music publishing administration in place necessary to license all of the songs embodied in phonorecords which it ingests and distributes by means of interactive streaming and temporary downloads.  Rather than decline to distribute phonorecords embodying musical compositions that are unlicensed, however, Spotify elected instead to engage in wholesale copyright infringement.

28.    Plaintiff is the registered copyright owner of all of the musical compositions listed on Exhibit A attached hereto and incorporated herein by this reference ("Plaintiff's musical compositions").  Plaintiff's musical compositions have been distributed through interactive streaming and temporary downloads by Spotify approximately one million times within the last three years.  Plaintiff is further informed and believes, and on that basis alleges, that server copies thereof have also been made by Spotify within the last three years.  Plaintiff's musical compositions have not been licensed by Spotify either directly or by a compulsory license in accordance with 17 U.S.C. §115.

29.    Plaintiff is further informed and believes, and on that basis alleges, that the musical compositions owned by the members of the class have been distributed by Spotify through interactive streaming and temporary downloads and that Spotify

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

has also made server copies thereof during the last three years, all without either a direct or compulsory license.

30.     Spotify's unlawful reproduction and distribution of the musical compositions owned by Plaintiff and the members of the class as alleged hereinabove constitutes copyright infringement under the Copyright Act.  17 U.S.C. §101 *et seq.*

31.     Spotify's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiff and the members of the class.

32.     As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and the copyrights of the members of the class, pursuant to 17 U.S.C. §504(c), Plaintiff and the class members are entitled to recover up to $150,000 in statutory damages for each musical composition infringed. Alternatively, at their election, pursuant to 17 U.S.C. §504(b), Plaintiff and the class members are entitled to their actual damages, including Spotify's profits from infringement, as will be proven at trial.

33.     Plaintiff and the class members are also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. §505, and prejudgment interest according to law.

34.     Spotify is causing, and unless enjoined by the Court will continue to cause, Plaintiff and the class members irreparable harm for which they have no adequate remedy at law.  Plaintiff and the class members are entitled to an injunction under 17 U.S.C. §502 prohibiting the continued infringement of their musical compositions.

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

GRADSTEIN & MARZANO, P.C.
6310 SAN VICENTE BLVD, SUITE 510
LOS ANGELES, CALIFORNIA 90048
TELEPHONE: 323-776-3100

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of all other members of the class, prays for Judgment against Spotify and the Doe Defendants, and each of them, as follows:

A.     Determining that this is a proper class action maintainable pursuant to Rule 23 of the Federal Rules Civil Procedure, certifying Plaintiff as class representative and Plaintiff's counsel as class counsel;

B.     For compensatory and/or statutory damages in an amount in excess of $200 million, according to proof;

C.     A temporary, preliminary, and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued unlicensed reproduction and distribution of the copyrighted musical compositions owned by Plaintiff and the members of the class;

D.     For pre- and post-judgment interest.

E.     For such fees and costs (including reasonable attorney's fees) incurred herein as permitted by law.

F.     For such other and further relief as the Court deems just and proper.

DATED: January 8, 2016               GRADSTEIN & MARZANO, P.C.
                                     Henry Gradstein
                                     Maryann R. Marzano
                                     Harvey W. Geller
                                     Daniel Lifschitz


                                     By: */s/ Henry Gradstein*
                                         Henry Gradstein
                                         *Attorneys for Plaintiff*

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff demands a trial by jury of the claim alleged in this Complaint.

3

4   DATED: January 8, 2016          GRADSTEIN & MARZANO, P.C.

5                                   Henry Gradstein
                                    Maryann R. Marzano
6                                   Harvey W. Geller
                                    Daniel Lifschitz
7

8

9                                   By: */s/ Henry Gradstein*_____

10                                       Henry Gradstein
                                         *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRADSTEIN & MARZANO, P.C.
6310 San Vicente Blvd, Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100