GRADSTEIN & MARZANO, P.C.
HENRY GRADSTEIN (State Bar No. 89747)
hgradstein@gradstein.com
MARYANN R. MARZANO (State Bar No. 96867)
mmarzano@gradstein.com
HARVEY W. GELLER (State Bar No. 123107)
hgeller@gradstein.com
DANIEL B. LIFSCHITZ (State Bar No. 285068)
dlifschitz@gradstein.com
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323-776-3100

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA FERRICK, individually and doing business as Nine Two One Music and Right On Records/Publishing, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPOTIFY USA INC., a Delaware corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**NOTICE OF RELATED CASE**<br><br>**[Local Rule 83-1.3]** |

**TO THE COURT AND TO ALL OTHER PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to Local Rule 83-1.3, plaintiff Melissa Ferrick individually and doing business as Nine Two One Music and Right On Records/Publishing and on behalf of all others similarly situated ("Ferrick") hereby files this Notice of Related Case.

The instant class action asserts a single claim for copyright infringement against Spotify USA Inc. ("Spotify") on behalf of a class defined as:

> All persons or entities who own the copyright in a musical composition: (a) for which a certificate of registration has been issued or applied for; and (b) that was reproduced and distributed through interactive streaming and/or limited downloads by Defendants without a license during the last three years.

Ferrick alleges that Spotify, through its online interactive music streaming service (www.spotify.com), infringes the copyrights of the class in their musical compositions by making and distributing phonorecords embodying those musical compositions to its end users in the form of interactive streams and limited downloads, and by making server copies.

The related class action, *David Lowery v. Spotify USA Inc.*, Case No. 2:15-cv-09929-BRO-RAO (C.D. Cal) ("*Lowery*") also alleges a claim for copyright infringement on behalf of a class defined as:

> All owners of mechanical distribution and reproduction rights in musical compositions registered under United States federal law, which compositions were reproduced or distributed by Spotify without license or authorization since December 28, 2012.

Like the *Ferrick* complaint, *Lowery* alleges that Spotify is infringing the copyrights of the class in their musical compositions by reproducing and distributing phonorecords embodying those musical compositions to its end users in the form of

interactive streams ("its interactive commercial music streaming service") and limited downloads ("its offline listening service"). Lowery also alleges a state law claim for violation of California Business and Professions Code §17200; however, that claim does not present an independent basis for relief as it is preempted by 17 U.S.C. §301(a).

Local Rule 83-1.3.1 provides as follows:

> At the time a civil action (including a notice of removal or bankruptcy appeal) is filed, or as soon as known thereafter the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s), stating whether any action previously filed or currently pending in the Central District and the action being filed appear:
>
> (a) To arise from the same or a closely related transaction, happening or event; or
>
> (b) To call for determination of the same or substantially related or similar questions of law and fact; or
>
> (c) For other reasons would entail substantial duplication of labor if heard by different judges; or
>
> (d) To involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c is present.
>
> The Notice of Related Case(s) shall also include a brief factual statement setting forth the basis for the attorney's belief that the action qualifies for related case transfer.

In both this action and the *Lowery* action, the lead plaintiffs (Ferrick and David Lowery, respectively) seek to represent a class of copyright owners in nondramatic musical works that have been reproduced and/or distributed by Spotify without a license during the last three years. Both actions seek damages and

injunctive relief under the federal Copyright Act, 17 U.S.C. §101, *et seq*. Both actions involve the same legal theories, the same federal copyrights, and the same defendant and putative class. Thus, both actions arise from the same conduct by Spotify, calling for determination of the same or substantially related or similar questions of law and fact with respect to liability and class certification, and would therefore entail substantial duplication of labor if heard by different judges.

Given the similarities between the two actions, assignment of these cases to a single District Judge will conserve judicial resources and promote efficient determination while avoiding potentially conflicting results. Accordingly, Ferrick respectfully submits that this action should be assigned to the Honorable Judge Beverly Reid O'Connell pursuant to Local Rule 83-1.3.

DATED: January 8, 2016                GRADSTEIN & MARZANO, P.C.
                                       Henry Gradstein
                                       Maryann R. Marzano
                                       Harvey W. Geller
                                       Daniel Lifschitz


                                       By: */s/ Henry Gradstein*
                                           Henry Gradstein
                                           *Attorneys for Plaintiff*

3